OPINION *Page 2 
{¶ 1} Defendant Thomas L. Robinson appeals a judgment of the Municipal Court of Canton, Stark County, Ohio, which found he had failed to comply with the Health Department requirement to have his dog vaccinated against Rabies. Appellant was also charged with failure to register and license the dog, but the court found him not guilty of that count. Appellant assigns two errors to the trial court:
 {¶ 2} "I. DID VISITING JUDGE MICHAEL J. MCNULTY ON (10-24-06) UNDRESS (SIC) THE APPELLANT'S (4TH) AMENDMENT."
 {¶ 3} "II. DID VISITING JUDGE MICHAEL J. MCNULTY REFERENCE ORDINANCE #(3707.48)ESCHEW THE LEGAL LANGUAGE."
 {¶ 4} Appellee has failed to file a brief, and pursuant to App. R. 18 (C), this court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if the appellant's brief reasonably appears to sustain such action.
 {¶ 5} Appellant alleges a neighbor called in a complaint about his dog, which was restrained on his property. Appellee investigated the claim and issued citations for failure to license and failure to have the dog vaccinated against rabies.
 {¶ 6} The citations are dated September 29, 2006. Appellant produced documentation he purchased a dog license, also dated September 29. Appellant argues he was told by the licensing authority he did not have to have his dog vaccinated against rabies right away.
 {¶ 7} Health Department Regulation Number 221.11 (b) requires every dog or cat three months of age or older must be vaccinated against Rabies within 30 days of the date the animal was obtained. *Page 3 
 {¶ 8} Appellant argues his dog was restrained on private property, but this is not a defense to failure to have the animal vaccinated. The regulations do not contain an exemption for this situation, and a pet restrained on its owner's property is not necessarily safe from attack by a rabid animal. The only defenses available to appellant are that the dog was less than three months old, and/or that appellant had acquired the dog less than thirty days prior to the citation.
 I. {¶ 9} In his first assignment of error, appellant argues he was denied due process and the ability to defend when the court overruled his motion for continuance of the hearing. The record contains a notice of trial dated October 20, 2006, scheduling the trial for October 24, 2006. Appellant argues he moved the court to continue the matter because he had insufficient notice to subpoena his defense witness, but the court overruled the motion.
 {¶ 10} We agree with appellant a trial court must give a defendant adequate time to subpoena his witnesses, and appellant obviously could not do so until the court set a trial date.
 {¶ 11} Appellant states he sought to subpoena the former dog warden to testify regarding dog licensing procedures. We find although the court erred in not permitting appellant adequate time to subpoena his witness, appellant was not prejudiced by the error because the witness could not have testified to any fact relevant to appellant's defenses, namely, to the age of the dog or the length of time appellant had owned it.
 {¶ 12} The first assignment of error is overruled. *Page 4 
 II. {¶ 13} Appellant has failed to provide us with a transcript of the hearing, and neither his statement of facts, nor the record before us contains the crucial information regarding how old the dog was or when appellant acquired it.
 {¶ 14} In Knapp v. Edwards Laboratories (1980), 61 Ohio St. 2d 197,400 N.E. 2d 384, the Ohio Supreme Court held: "when portions of the transcript are necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Id. at 199.
 {¶ 15} Based upon the authority of Knapp, supra, this court must presume the regularity of the trial court's decision. We find appellant has failed to affirmatively demonstrate the court erred in finding he failed to vaccinate his dog.
 {¶ 16} The second assignment of error is overruled.
 {¶ 17} For the foregoing reasons, the judgment of the Municipal Court of Canton, Stark County, Ohio, is affirmed.
Gwin, P.J., Hoffman, J., and Farmer, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Canton, Stark County, Ohio, is affirmed. Costs to appellant. *Page 1